In re Helen GALIARDI, Petitioner.

No. 84–2494.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1984.

Robert M. Parker, U.S. Dist. Judge, Beaumont, Tex., Alexander, Ash, Schwartz & Cohen, Anderson, Russell, Kill & Olick, Arthur, Dry & Kalish, Costello & Shea, New York City, Damon & Morey, Andrew Feldman, Joseph A. Matteliano, Dominic J. Cornella, New York City, Gerald G. Paul, Cathi A. Hession, Javits, Hinckley, Rabin & Engler, Lester, Schwab, Katz & Dwyer, New York City, Kenneth R. Maguire, Brooklyn, N.Y., McCarter & English, New York City, Orgain, Bell & Tucker, John G. Tucker, Beaumont, Tex., Semel, McLaughlin, Boeckmann & Skydel, Vincenti & Schickler, Christopher E. Chang, New York City, Sewell & Riggs, Houston, Tex., Levy, Bivona & Cohen, Suzanne Elizabeth Hyer, New York City, for respondents.

Kreindler & Kreindler, Donald I. Marlin, New York City, for petitioner.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for writ of mandamus is GRANTED, and that the district court's amending order of June 21, 1984, be VACATED.

I.

The petitioner for mandamus is the plaintiff in a suit initially filed on June 22, 1981 in the United States District Court for the Eastern District of Texas. By this diversity suit, the plaintiff sought judgment for asbestos-caused damages against sixteen Delaware, Ohio, Pennsylvania, and Missouri corporations alleged to be doing business in Texas, fourteen of them having registered agents for service of process in that state. The defendants moved, inter alia, to transfer the case to a United States District Court for New York on two bases: forum non conveniens, 28 U.S.C. § 1404(a); and as having been filed in an improper venue, 28 U.S.C. § 1406(a).

On May 7, 1982—over two years ago—the Texas district court, without specifying the basis of its order—transferred the case "to the United States District Court for the District of New York where this cause may have been brought." It did so on the pleadings and without any factual showing that the defendant corporations were not doing business in Texas, as alleged. The defendants did not at this time request clarification of the basis of the district court's transfer order.

The case was then on October 8, 1982 transferred to the United States District Court for the Eastern District of New York. There, the defendants moved to dismiss the action on the ground, inter alia, that it was time-barred. The issue thus raised was (a) whether the Texas time-bar rule governed (which did *not* apply so as to bar the suit), because the Texas diversity suit, properly filed in a Texas venue, was thus governed by Texas law although transferred to a district court in another state; or (b) whether the New York time-

bar applied (by which the suit was barred), because New York not Texas was a proper venue for the suit. This issue, in turn, was determined by the New York district court on the issue raised by the parties as to whether the Texas district court had transferred a properly-venued Texas diversity suit under (a) 28 U.S.C. § 1404(a) (forum non conveniens), or instead under (b) 28 U.S.C. § 1406(a) (as "laying venue in the wrong division or district"). In the latter case, upon transfer to the proper venue in New York, on the ground that it should have been brought there instead of in Texas, the New York time-bar would apply, since the suit would not be a Texas diversity case governed by Texas law.

In its order of October 13, 1983, the New York district court construed the Texas court's transfer order as having been based on 28 U.S.C. § 1404(a)—and thus held that Texas law applied and that the plaintiff's suit was not time-barred—, pointing out, moreover, that the "[d]efendants have failed, however, to produce any evidence to establish that the transfer was for improper venue."

At this point, the defendants returned to the Texas district court. In June 1984—more than two years after the original transfer order of May 1982—the defendants filed in the Texas district court what they styled a "Motion to Resettle Texas Transfer Order." The motion requested the Texas court to specify the statutory basis for its transfer order of two years earlier. The defendants based this motion solely upon Fed.R.Civ.P. 60(a), which rule permits a court at any time to correct "errors [in a judgment] arising from oversight or omission."

Without taking any evidence or further factual showing, the Texas district court on June 21, 1984 entered an order that amended its previous transfer order of May 7, 1981, so as "to specify that said cause was transferred pursuant to 28 U.S.C. § 1406"—*i.e.*, as having initially been filed in an improper venue in Texas.

The petitioner-plaintiff prays for a writ of mandamus to vacate the amending order

of June 21, 1984, as being entered by the deciding court in the absence or abuse of any power for it to do so.

## II.

If the amending order of June 21, 1984, was entered by the Texas court in the absence of its power to do so, the plaintiff has established her right to relief by the extraordinary remedy of mandamus, "invoked only in the clearest and most compelling cases," and usually only where the mandamus-petition "show[s] that no other adequate means exists to attain the requested relief and that his right to issuance of the writ is 'clear and indisputable.'" *In re Davis*, 730 F.2d 176, 181 (5th Cir.1984).

In the first place—although we do not rest our grant of mandamus relief on this ground—we have grave doubt that the Texas transferor court retained jurisdiction to "clarify" its transfer order of 1982 after the case had been transferred and, after, on the basis of the Texas transfer order, the New York transferee court had determined its effect from its wording and the Texas pleadings, in the proceedings that two years earlier had been transferred to this New York court. Moreover, in the New York suit, the defendants had fully litigated and lost the issue, only after which did they return to the Texas court to attempt to obtain under Rule 60(a) a correction of an "error" that arose "from oversight or omission."

However, we need not pass upon this issue, because—for another and more easily determinable reason—the district court was clearly without jurisdiction in 1984 to amend its 1982 transfer order. The 1984 amendment of the Texas court's 1982 order was sought solely on the basis of the Texas court's power to do so under Fed.R.Civ.P. 60(a).

■ Fed.R.Civ.P. 60(a) grants a court *"at any time"*—i.e., not subject to the time constraints of Rules 59(e) and 60(b), both of which have long since expired in this case—to correct omissions in a judgment that had been intended at the time of its entry. However, the rule does not grant a district court carte blanche to supplement by amendment an earlier order by what is subsequently claimed to be an oversight or omission.

■ To be correctable under Rule 60(a), the "mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura-Wood Treating Company v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir.1982). As we stated in *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir.1976), "errors that affect substantial rights of parties are outside the scope of Rule 60(a). [Citation omitted.] Such errors may be corrected under Rule 60(b) if brought to the attention of the district court within the one year time limit."

■ In the instant case, as our recitation of the relevant facts shows, the amendment in June 1984 of the original transfer order of May 1982—to supply an alleged error of "oversight or omission" in such judgment—has significant effect on the substantial rights of the parties. It is more than the correction of a mistake mechanical in nature, and the pleadings supplied to us by the parties negate that the recitation of one ground or the other for the transfer was obviously intended but inadvertently omitted by the district court at the time the original order was entered. A Rule 60(a) motion "can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Wright & Miller, Federal Practice and Procedure, § 2854, p. 149 (1977).

### Conclusion

The Texas district court was, therefore, without jurisdiction by this 1984 Rule 60(a) motion to amend its 1982 order. Accordingly, the petition for the writ of mandamus is GRANTED, and the district court's amending order of June 21, 1984 is VACATED.

**338**

MANDAMUS GRANTED; AMENDING ORDER VACATED.