In the Matter of AMERICAN PRECISION VIBRATOR COMPANY, Debtor.

AMERICAN PRECISION VIBRATOR COMPANY, Appellant,

v.

NATIONAL AIR VIBRATOR CO., Appellee.

No. 88–2271.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1989.

Rehearing Denied Feb. 21, 1989.

Patrick F. Timmons, Houston, Tex., for appellant.

Rhett G. Campbell, Houston, Tex., for appellee.

Before WISDOM, GEE and RUBIN, Circuit Judges.

WISDOM, Circuit Judge:

The appeal in this case was triggered by a clerical mistake in the district clerk's office that led to the dismissal with prejudice of the underlying bankruptcy action. The district court held that the dismissal deprived the bankruptcy court of the power to vacate the dismissal. We hold that Fed. R.Civ.P. 60(a) authorizes the court to undo the effect of the clerical mistake. Accordingly, we reverse the decision of the district court.

## I.

On August 17, 1987, appellee National Air Vibrator Company (NAVCO) filed a motion to dismiss the petition for Chapter 11 bankruptcy of the appellant American Precision Vibrator Company. (AVCO). Local Rules No. 9007 and 9013 allow dismissal after ten days if the motion is unopposed. The Local Rules also allow dismissal "for cause". This provision is not at issue. AVCO filed an opposition three days later, on August 20, 1987. The clerk's office made the mistake of not docketing AVCO's opposition until August 27, 1987. That day, Judge Leal granted NAVCO's motion to dismiss the bankruptcy petition with prejudice.

On September 10, 1987, Judge Leal issued an order denying NAVCO's motion. This order did not vacate his August 27 order. Both orders reached the parties on September 30. This was the first notice either party received of either order. AVCO filed a motion to vacate the August 27 order. On November 19, Judge Leal denied the motion and wrote on the order, "No. Comfort order. Prior order is clear".[1] AVCO has not appealed this denial.

NAVCO appealed the September 10 order denying the motion to dismiss. On February 19, 1988, the district court decided that the August 27 order granting NAVCO's motion to dismiss deprived the bankruptcy court of jurisdiction. It therefore vacated the September 10 order. AVCO appeals.

1. The November denial was issued by Judge Schwartz on Judge Leal's recommendation. Judge Leal's commission as a bankruptcy judge expired after the September 10 order.

2. 12 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 3103, at 189 (1973).

3. Fed.R.Civ.P. 58.

4. Fed.R.App.P. 4(a)(6).

5. *Cf. Chavez v. Balesh,* 704 F.2d 774, 776 (5th Cir.1983) (Rule 60(a) allows amendment of orders without notice to parties until appeal is docketed).

6. Rule 60(a) reads:

## II.

The district court held that the dismissal on August 27 denied the bankruptcy court the power to correct its mistake. The bankruptcy court had not issued a final order before its September 10 order, however. The August 27th order was docketed on September 30. Judge Leal's second order was also docketed on September 30. In fact, the order of September 10 was docketed before the August 27th order. Orders do not become final until they are docketed.[2] The reasons for respecting finality of judgments do not apply to undocketed orders. They cannot be enforced.[3] They cannot be appealed.[4] Hence, judges may change their decisions until they are docketed.[5] The bankruptcy court therefore had jurisdiction over the matter when it issued its September 10 order.

## III.

We must still determine the validity of the bankruptcy court's September 10 order. Rule 60(a) empowers courts to correct "clerical mistakes in judgments, orders or other parts of the record" and "errors therein arising from oversight or omission".[6] Application of Rule 60(a) requires us to balance two competing concerns. Equitable considerations mandate that we interpret the Federal Rules of Civil Procedure liberally to avoid miscarriages of justice.[7] We temper any urge toward gener-

(a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

7. *Cf. Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed. 2d 404 (1964). Rule 1 states, in part, that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action".

osity by construing Rule 60(a) narrowly.[8] We do so both to bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders and judgments in the district court. These include motions for judgment notwithstanding the verdict, Rule 50(b); for amendment of findings and concomitant amendment of judgment, Rule 52(b); for amendment of judgment, Rule 59(e); and for relief from judgment or order, Rule 60(b).

■ The August 27th order is not a "clerical mistake". This term does not encompass errors that involve judgment or discretion, especially when altering the error affects the substance of the judgment.[9] Judge Leal's decision to dismiss the action on August 27 exhibits discretion and substantive impact that cannot be termed "clerical".[10]

Nor is the August 27 order an "error … arising from oversight or omission". The Ninth Circuit has limited this part of Rule 60(a) to "errors of no more than clerical significance".[11] In *Warner v. City of Bay St. Louis*[12] the district court applied an interest rate that was incorrect. We held that Rule 60(a) did not authorize alteration of the interest rate. The stated interest rate accurately expressed the court's intention when it issued its first order. In that case, therefore, an erroneous order was not an "error" under Rule 60(a).

We have not exhausted our analysis of Rule 60(a), however. Rule 60 derives from a long-held power of courts to grant relief from their own judgments. At law, courts could grant relief from their own final judgments during term time. A separate action at equity allowed courts to grant relief from judgments of other courts, even after the term had ended.[13] Significantly, this power was ill-defined and discretionary.[14]

This tradition of granting relief from the court's own judgment has been most impor-

---

**8.** *See, e.g., Archer v. Lynaugh,* 821 F.2d 1094, 1095–96 (5th Cir.1987); *Dura–Wood Treating Co. v. Century Forest Indus., Inc.,* 694 F.2d 112, 114 (5th Cir.1982).

**9.** Wright & Miller state, precisely and succinctly:
> [A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

*Federal Practice & Procedure:* Civil § 2854, *supra* note 2, at 149. *See In re Galiardi,* 745 F.2d 335, 337 (5th Cir.1984) (per curiam) (endorsing definition proposed by Wright & Miller). Moore says Rule 60(a) cannot provide "substantial relief". J. Moore, J. Lucas, and G. Groether, 6A *Moore's Federal Practice and Procedure* ¶ 60.03[1], at 60–17 (1987). Some courts define "clerical mistakes" as actions the court did not intend to do. *See, e.g., Dura–Wood,* 694 F.2d at 114. Other courts limit clerical mistakes to "errors in the translation of the original meaning to the judgment". *United States v. Griffin,* 782 F.2d 1393, 1396 (7th Cir.1986). Clerical mistakes may also involve "ambiguity" in a judgment or order. *Stovall v. Illinois Central Gulf R.R.,* 722 F.2d 190 (5th Cir.1984). Courts have also defined "mistakes of recitation" as clerical. *Dura–Wood,* 694 F.2d at 114; *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668–69 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

Some of these tests may be inconsistent with others. For example, the Ninth Circuit has held that a court's failure to record part of a judgment could be corrected under Rule 60(a) because the added portion reflected what the court originally intended. *Miller v. Trans American Press,* 709 F.2d 524, 527–28 (9th Cir.1983). The amendment altered the substance of the original judgment. It thus ran afoul of Moore's argument that Rule 60(a) should not affect the substance of orders. Conflicting tests, however, create play in the joints, allowing courts to reach just results in applying Rule 60(a). We develop this point below. *See infra* text accompanying notes 13–19.

**10.** *See, e.g., Galiardi,* 745 F.2d at 337 (district court lacked jurisdiction to amend under Rule 60(a) order transferring to another district); *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976) (Rule 60(a) did not authorize court to change interest rate).

**11.** *United States v. Kaye,* 739 F.2d 488, 490 (9th Cir.1984) (interpreting Fed.R.Crim.P. 36 in the light of Rule 60(a)).

**12.** 526 F.2d 1211 (5th Cir.1976).

**13.** *See* 6A *Moore's Federal Practice, supra* note 9, ¶ 60.04[1], at 60–32.

**14.** *Id.*

tant in delineating Rule 60(b).[15] In the limited circumstances of this case, however, the tradition illuminates the court's power under Rule 60(a). The delay in docketing AVCO's opposition is indisputably a clerical mistake.[16] Traditionally, parties have not borne the brunt of the court's clerical errors.[17] Hence, the court could order AVCO's opposition added to the record, even at this late date.[18] The clerk's office rectified this mistake by docketing AVCO's opposition on August 27th. That mistake is therefore not before us now. Its direct result is, however. The August 27th order dismissing the action resulted directly from the clerical mistake. Judge Leal would not have granted NAVCO's motion had he known of AVCO's opposition. He presumably would follow Local Rules 9007 and 9013 forbidding the granting of opposed motions without a hearing. In a discovery hearing held on January 18, 1988, Judge Leal asked AVCO's attorney:

> Do you want to prepare an Order vacating the August 27th Order? ... Or I can prepare one myself. Well, let me prepare it. I'll just go ahead and prepare that one myself.... I'll prepare the ... Order vacating it.

Judge Leal did not prepare this order.

In *Blaine v. Peters,* the D.C. District Court denied a motion for a new trial. The court then reversed itself on its own motion, saying that it had "inadvertently" denied the motion. It set a trial date. The D.C. Circuit affirmed, relying on Rule 60(a).[19] The reasons for granting relief under Rule 60(a) are stronger in the present case. In *Blaine,* the court did not describe the mistake that had led to the

"inadvertent" denial of the motion; it is possible that the mistake was not a "clerical mistake" as that term is defined in Rule 60(a). Here, a clerical mistake is indisputably involved. In *Blaine,* the erroneous order was docketed at the time of the Rule 60(a) motion; here, it was not.

Moore criticizes *Blaine* and presumably would criticize our conclusion. He notes that Rule 60(a) allows correction of clerical mistakes "at any time". He argues that sua sponte reversals "at any time" might undercut finality of judgments.[20] Because the August 27th order was not final, we do not upset a final judgment here. More importantly, correcting the error accomplishes the purposes of Rule 60(a).

Our holding is consistent with our opinions limiting Rule 60(a). In the case before us today, there is unquestionably a "clerical mistake". Our previous opinions define the terms "clerical mistakes" and "oversight and omission". In *Galiardi,* a transferor court sought to amend its order by specifying the reason for the transfer. Unlike the instant case, there was no evidence that a "clerical mistake", "oversight", or "omission" had occurred. We held that Rule 60(a) did not apply.[21] In *Warner,* we held that a mistake of law was not a "clerical mistake", "oversight", or "omission".[22] In *Dura–Wood,* the court had incorrectly quoted the amount of attorneys' fees agreed upon by the parties. We allowed correction under Rule 60(a).[23] *Archer* held Rule 60(a) inapplicable because the petitioner's motion "did not raise a clerical error".[24] We determine here that courts have power to rectify the direct conse-

---

**15.** *Id.* at 60–31.

**16.** *See United States v. Stuart,* 392 F.2d 60 (3d Cir.1968) (inadvertent omission of documents from record is "clerical mistake" under Rule 60(a)).

**17.** *See Stuart,* 392 F.2d at 62–63; *Robinson v. Waterman S.S. Co.,* 7 F.R.D. 51 (D.N.J.1947) (clerk's failure to docket timely complaint until after statute of limitations had run did not require dismissal of action).

**18.** *See Stuart,* 392 F.2d at 62 (ordering addition of documents to record).

**19.** 194 F.2d 887 (D.C.Cir.1952).

**20.** 6A *Moore's Federal Practice, supra* note 9, ¶ 60.06[4] n. 4, at 60–51.

**21.** 745 F.2d at 336.

**22.** 526 F.2d at 1212.

**23.** 694 F.2d at 114.

**24.** 821 F.2d at 1097.

quences of their mistakes. Our earlier opinions have not addressed this question.[25]

We must emphasize the narrowness of our holding. A more attenuated connection between clerical mistake and consequence would also render our holding inapplicable. If the order was docketed and thus final, the affected party could appeal. NAVCO argues that AVCO waived its opposition by failing to appeal the August 27 order. AVCO received both orders the same day. It filed a motion to vacate the August 27 order. The bankruptcy court denied this order. The motion to vacate protects AVCO's right.[26] An appeal by AVCO would simply have heaped yet another proceeding onto this already overburdened issue.

### IV.

We must now decide what the court did in its order of September 10. The order does not vacate the August 27 order explicitly. Judge Leal later recommended denying AVCO's motion to vacate the August 27 order. NAVCO argues that these facts imply that the August 27 order remains valid. We disagree. First, the two orders are mutually exclusive. On August 27 Judge Leal signed NAVCO's proposed order; on September 10, he signed AVCO's proposed order denying NAVCO's suggested order. Both orders had been attached to the parties' motions. It would be difficult to imagine less compatible orders. Second, Judge Leal denied AVCO's motion to vacate because he believed his earlier order to be clear. He later offered to write an order vacating the August 27 order. We could remand the case with instructions to vacate the August 27 order. In keeping with the "more practical and realistic"

viewpoint appropriate for Rule 60(a),[27] it is fitting that we enter the order ourselves.[28]

### V.

The district court could entertain and grant a Rule 60(b) motion by AVCO on remand. The question before us, however, is whether the bankruptcy court had jurisdiction to correct its own mistake on its own motion. This question does not call upon us to decide what the court can do upon a motion of a party. Rule 60(a) authorizes courts to correct mistakes sua sponte, while Rule 60(b) requires a motion by a party. Because we hold that Rule 60(a) authorizes the correction made here, we need not decide that it could also be made under Rule 60(b).

Practical considerations also persuade us not to remand for a Rule 60(b) motion. Remand would use resources better directed to other issues. In keeping with the pragmatic and realistic spirit of Rule 60, thus, we resolve this dispute ourselves.

### VI.

We conclude that the bankruptcy court had power to issue its order of September 10. Rule 60(a) authorized it to correct the direct result of the mistake in the clerk's office. We therefore REVERSE the decision of the district court and ORDER that the Bankruptcy court's order of August 27th, 1987, dismissing the action, be vacated. The case is remanded to the district court for proceedings consistent with this opinion.

---

25. Of our prior decisions, only *Galiardi* even indirectly asked whether a court retained jurisdiction under Rule 60(a) after it had dismissed the action. 745 F.2d at 337. We did not decide the question there, however. Because there was no evidence that any clerical mistake, oversight, or omission had occurred, we held Rule 60(a) inapplicable. *Id.*

26. *See, e.g., Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993, 996 (6th Cir.1987).

27. 6A *Moore's Federal Practice, supra* note 9, ¶ 60.08[3], at 60–57.

28. *See, e.g., Crosby v. Pacific Lines, Ltd.,* 133 F.2d 470, 473 (9th Cir.1943). In *Crosby,* the Ninth Circuit entered an order dismissing a bankruptcy action after the district court had inadvertently failed to do so. The parallel to the case now before us is clear. In his September 10 order, Judge Leal inadvertently failed to vacate his August 27 order. We do so now.