**AMERICAN PRECISION VIBRATOR CO., Appellant,**

v.

**NATIONAL AIR VIBRATOR CO., Appellee.**

No. 01–88–00701–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 14, 1989.

Patrick F. Timmons, Jr., Houston, for appellant.

Rhett G. Campbell, Houston, for appellee.

Before DUGGAN, COHEN and MIRABAL, JJ.

DUGGAN, Justice.

We withdraw our opinion issued March 1, 1989, and order the appeal of this case stayed.

This is an appeal from a summary judgment in a garnishment action. On June 15, 1987, National Air Vibrator Co. ("NAVC") garnished American Precision Vibrator Company's ("APV") bank account in Piedmont Bank. Piedmont Bank answered by stating that it possessed $11,033.22 of APV's funds. On July 17, 1987, APV filed a voluntary petition in bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. However, on August 17, 1987, NAVC filed a motion to dismiss the bankruptcy in the United States Bankruptcy Court, which motion was granted on August 27, 1987, and the bankruptcy was dismissed.

On September 10, the bankruptcy court signed another order, this time purporting to deny the motion to dismiss. This second order does not appear in the record and is only referred to in a subsequent order. On February 29, 1988, NAVC appealed the inconsistent second order to the United States District Court, which reversed the second order and ordered again that the bankruptcy be dismissed. APV appealed the United States District Court's decision to the United States Court of Appeals for the Fifth Circuit.

After the United States District Court upheld the dismissal of the bankruptcy and reversed the inconsistent second order, NAVC filed a motion for summary judgment in the garnishment action pending in the Texas district court. Summary judgment was granted, and APV appeals from that judgment.

We do not reach the merits of the appeal. On January 20, 1989, the United States Court of Appeals for the Fifth Circuit reversed the United States District Court's decision upholding the dismissal of the

bankruptcy. *In re American Precision Vibrator Co.*, 863 F.2d 428 (5th Cir.1989). The Fifth Circuit expressly vacated the August 27 order dismissing the bankruptcy, and remanded the case for proceedings consistent with its opinion. *Id.* at 432. Thus, for purposes of this appeal, APV's bankruptcy is still pending.

Section 362(a), 11 U.S.C. (1982), provides that once a petition in bankruptcy is filed, it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceeding against the debtor. Any actions taken in violation of the automatic stay, including judgments or other court actions, are void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Wallen v. State*, 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no writ).

An appeal is a continuation of judicial action, so it is automatically stayed *if* it is "against the debtor." 11 U.S.C. sec. 362(a). We decide this question by examining only the original posture of the case. *Star–Tel, Inc. v. Nacogdoches Telecommunications, Inc.*, 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, n.w.h.) (op. on reh'g); *see Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091, 1092–93 (5th Cir. 1986); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986). If the debtor was the plaintiff in the court below, the stay does not apply; if the debtor was the defendant, any further action is stayed. *Id.*

Here, the action was filed by appellee for garnishment of appellant's funds to satisfy a prior judgment. The appeal is therefore considered to be "against the debtor" and is stayed. This is so even though it is the debtor who may be appealing an adverse lower court judgment. *See, e.g., Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir.1986) (because the original suit was brought against debtor, action was stayed, and debtor was not allowed to waive the stay and appeal). The debtor or any other interested party may apply to the bankruptcy court for relief from the stay. 11 U.S.C. sec. 362(d).

Our previous opinion is withdrawn. The appeal is ordered stayed. The appellant is ordered to notify this Court when the bankruptcy stay is lifted, by termination of the bankruptcy or otherwise.