No. 1-00-0156

STANDARD FEDERAL BANK FOR SAVINGS, a )  Appeal from the

Corporation of the United States,   )  Circuit Court of

)  Cook County.

Plaintiff-Appellee, ) 

)

v. ) 

)

JOHN A. HANNO, J and J EMPLOYEES CREDIT ) 

UNION and UNKNOWN OWNERS and NONRECORD )

CLAIMANTS, )  The Honorable

)  Robert V. Boharic

Defendants-Appellants. )  Judge Presiding.

JUSTICE REID delivered the opinion of the court: 

     John Hanno appeals the circuit court's order which confirmed the foreclosure sale of his former residence.  On appeal, Hanno contends the order confirming the foreclosure sale is void because: (1) the appellee's motions to reinstate and to confirm the foreclosure sale were filed prior to the docketing of the dismissal order of Hanno's last bankruptcy, and (2) it was entered in violation of the automatic stay provision of Rule 6004(g) of the Federal Rule of Bankruptcy Procedure.  Fed.R.B.P. 6004(g).

     On May 22, 1992, Hanno obtained a variable rate mortgage loan from the appellee, Standard Federal Bank for Savings (Standard).  Pursuant to the terms of the loan and mortgage, Standard agreed to lend the sum of $250,000 to Hanno, and Hanno executed a mortgage to Standard of his residence located at 6 North Trails in Lemont, Illinois.  Hanno signed a promissory note agreeing to monthly principal, interest and tax escrow payments.

     Hanno contends that he was unable to make payments under the terms of the promissory note and mortgage as a result of Standard's breach of the loan agreement.  Standard disputes Hanno's contentions.  

     On January 10, 1994, Standard filed a complaint for mortgage foreclosure.  On November 15, 1994, Hanno filed his affirmative defenses and a counterclaim against Standard.  On December 7, 1995, a judgment of foreclosure was entered.  The order stated that Hanno was in default under the terms of the promissory note as of November 9, 1995.  The order provided for the foreclosure and sale of the property located at 6 North Trails in Lemont, Illinois.  The judgment of foreclosure provided that the period of redemption would end on March 8, 1996.      

     Hanno then proceeded to file a series of six bankruptcy petitions.  During this time, on July 23, 1998, a sheriff's sale was held and the property was sold for $431,547.39.  However, on October 15, 1998, the fourth and fifth bankruptcy petitions were found to have been filed in bad faith and for the purposes of blocking confirmation of the foreclosure sale.

     On April 1, 1999, after Hanno filed his sixth bankruptcy petition, a stipulated order was entered which provided for the terms of a settlement between Hanno and TCF National Bank Illinois (TCF), the successor in interest to Standard.  The order provided that Hanno would have until December 1, 1999, to complete the sale of the property, and that if the property was not sold by December 1, 1999, the bankruptcy court would dismiss the case.  Hanno was unable to sell the property and subsequently, on December 2, 1999, an order was entered dismissing Hanno's sixth bankruptcy petition.  On December 6, 1999, the appellee filed motions to reinstate and to confirm the foreclosure sale.  On December 7, 1999, the order entered on  December 2, 1999, was docketed.  On December 9, 1999, the circuit court granted TCF's motion to reinstate the foreclosure case, which was dismissed with leave to reinstate when Hanno filed his sixth bankruptcy, and entered an order that confirmed the sheriff's sale held on July 23, 1998.

     As this matter involves a question of law, our standard of review will be 
de
 
novo
.  
Daley v. American Drug Stores, Inc.
, 294 Ill. App. 3d 1024 (1998).  The issues presented for review in this court were not raised in the trial court.  Issues presented for the first time on appeal are deemed waived.  
Barnett v. Zion Park District
, 171 Ill. 2d 378 (1996).  Hanno concedes that he is raising these issues for the first time on appeal.  Hanno argues that the order which he is appealing from is void, and since a void order can be attacked at any time in any court, he therefore has not waived his arguments.  We disagree.

     Hanno contends that because the appellee filed its motions to reinstate the case and confirm the foreclosure sale prior to the docketing of the order regarding Hanno's sixth bankruptcy dismissal, the subsequent order reinstating and confirming the foreclosure sale is void.  Hanno cites 
NBD Highland Park Bank, N.A. v. Wien
, 251 Ill. App. 3d 512 (1993), to support his argument that the circuit court lacked jurisdiction.  In 
Wien
 the bankruptcy judge gave an oral ruling from the bench to remand the case to the state court and to lift an automatic stay on October 5, 1992, but the orders were not docketed until October 14 and 15, respectively.  On October 12, 1992, before the orders were docketed, the disputed property was sold at a sheriff's sale.

     The 
Wien
 court wrote that "'[o]rders do not become final until they are docketed.  The reasons for respecting finality of judgments do not apply to undocketed orders.  They cannot be enforced.  * * *  Hence, judges may change their decisions until they are docketed.  
In re American Precision Vibrator Co.
, 863 F.2d 428, 429 (5
th
 Cir. 1989)'" 
Wien
, 251 Ill. App. 3d at 515-16.  The 
Wien
 court held that the bankruptcy court retained jurisdiction until its order that lifted the stay was docketed.  Since the foreclosure sale occurred prior to the docketing of the order, the circuit court lacked jurisdiction over the matter, and therefore the foreclosure sale was void.  
Wien
, 251 Ill. App. 3d at 517.

     Hanno's reliance on 
Wien
 is misplaced.  The 
Wien
 court specifically distinguished its set of facts from those in 
Noli v. Commissioner of Internal Revenue
, 860 F.2d 1521 (9
th
 Cir. 1988), where the court dealt with a similar situation.  

     In 
Noli
, the defendants filed bankruptcy petitions that automatically stayed a trial in the tax court.  The government's counsel moved the bankruptcy court for relief from the automatic stay, which the court granted by an oral order.  The government then immediately proceeded with the trial based upon the bankruptcy court's undocketed oral order.  The defendants argued that the tax court proceedings were improper because the bankruptcy court's oral order lifting the automatic stay had not been docketed.  The 
Noli
 court replied as follows:

"This argument misperceives both the purpose of Federal Rule of Civil Procedure 58, and the binding effect of an order notwithstanding the issuing court's failure to enter it on the docket.  The separate document requirement of Rule 58 was intended primarily to clear up uncertainties in determining, for purposes of appellate review, when there is a final appealable judgment.  See 
Bankers Trust Co. v. Mallis
, 435 U.S. 381, 384, 98 S. Ct. 1117, 1120, 55 L. Ed. 2d 357 (1978)(The 'sole purpose' of the separate document requirement is 'to clarify when the time for appeal *** begins to run').  Similarly, the bankruptcy court's order lifting the stay was effective and binding upon the parties.  ***  They were present when the oral order was issued and clearly had notice of its existence and content."  
Noli
, 860 F.2d at 1525.

     In 
In re Saunders
, 240 B.R. 636 (S.D. Fla. 1999), the court dealt with this same situation, and we believe its clear reasoning is instructional and should be followed.  The 
Saunders
 court wrote: "Rather, common sense dictates that a court's order is effective when a court enters such an order.  If a court orders a case dismissed, then the case is dismissed.  To hold otherwise would permit the clerk's office to misplace an order and prevent the judge's order from becoming effective.  Parties should be able to reasonably rely on a written order, signed by a Judge, that the party has actually received, even if this Order does not get docketed."  
Saunders
, 240 B.R. at 644.

     Here, Hanno clearly was not prejudiced by the order that confirmed the sale of his residence as required by 
Noli
.  Hanno was present at the hearing held on December 9, 1999, where the foreclosure case was reinstated.  Also, the case at bar is distinguishable from 
Wien
, because, here, the foreclosure sale of Hanno's residence occurred before the start of Hanno's sixth bankruptcy hearing, whereas in 
Wien
, the foreclosure sale occurred during the stay period.  We find that Hanno's sixth bankruptcy petition was dismissed when the judge's orders were entered.  As such, the trial court's orders reinstating and confirming the foreclosure sale were valid, and Hanno's argument is deemed waived.

     Hanno contends that the 
order reinstating and confirming the foreclosure sale was void because it was entered in violation of the automatic stay provision of Federal Rule of Bankruptcy Procedure 6004(g).  We disagree.

     The appellee contends that Hanno has waived this argument because he is raising this issue for the first time on appeal.    We agree.  Hanno concedes that he has not raised this issue prior to this appeal and for the foregoing reasons we deem that he has waived this issue.  However, in the alternative we would find that the order which reinstated and confirmed the foreclosure sale did not violate Rule 6004(g).

     Hanno contends that Rule 6004(g) provides that an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise.  Hanno argues that the order which confirmed the sale of his residence falls under the provisions of Rule 6004(g) and as such was void.  We disagree.

     An automatic stay must plainly terminate upon the dismissal of the petition giving rise to it.  
In re De Jesus Saez
, 721 F.2d 848, 851 (1
st
 Cir. 1983).  Here, the petition giving rise to the stay was dismissed prior to the order to reinstate and confirm the foreclosure sale.  As such, the foreclosure sale occurred after the stay ended.  For the foregoing reasons, we affirm the trial court.

     Affirmed.