United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-30948
Summary Calendar

————————————

ISRAEL SANTIAGO-LUGO,

Petitioner-Appellant,

versus

ROBERT M. TAPIA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 1:04-CV-993
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Israel Santiago-Lugo, a federal prisoner, appeals the denial of his FED. R. CIV. P. 60(b) motion for relief from judgment in this 28 U.S.C. § 2241 habeas corpus action that was purportedly filed pursuant to the "savings clause" of 28 U.S.C. § 2255. Santiago-Lugo is serving a sentence of life imprisonment for convictions from 1996, in the United States District Court for the District of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Puerto Rico, of a serious drug-trafficking conspiracy, a continuing criminal enterprise count, and other offenses.

At the time Santiago-Lugo filed his Rule 60(b) motion, the district court in the Western District of Louisiana, where he is currently confined, had already transferred the case to the First Circuit Court of Appeals for consideration whether he should be authorized to file what amounted to a successive 28 U.S.C. § 2255 motion to vacate, and the First Circuit had denied such authorization. We must examine our own jurisdiction, see United States v. Johnston, 258 F.3d 361, 363 (5th Cir. 2001), and we have "inherent jurisdiction to examine the jurisdiction of district court courts within [this] circuit." In re Transtexas Gas Corp., 303 F.3d 571, 576-77 (5th Cir. 2002).

We have expressed "grave doubt" that a district court had jurisdiction to "clarify," pursuant to FED. R. CIV. P. 60(a), a two-year-old order by which it had granted a motion by defendant corporations to transfer a plaintiff's diversity action to a federal district court in New York. See In re Galiardi, 745 F.2d 335, 337 (5th Cir. 1984); see also In re Southwestern Mobile Homes, Inc., 317 F.2d 65, 66 (5th Cir. 1963) (expressing doubt about this court's "power to compel" a federal district judge in Texas to vacate his order transferring an action to another district). Sister circuits have held that "when a transfer of a case has been completed, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case." See,

e.g., In re United States, 273 F.3d 380, 383 (3d Cir. 2001) (and citations therein). This is especially true where, as here, the transferee court has proceeded with the transferred case. See id. at 384.

Given that the First Circuit had already disposed of Santiago-Lugo's transferred case, the district court lacked jurisdiction to consider the case thereafter. Even if that were not so, the appeal from the denial of rule 60(b) is frivolous. Accordingly, the appeal is DISMISSED. See 5TH CIR. R. 42.2.