# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00671-COA

IN THE MATTER OF THE LAST WILL AND **APPELLANT**
TESTAMENT OF MERLIN JOSEPH WAGNER,
DECEASED: BRENDA SMITH

v.

THE ESTATE OF MERLIN JOSEPH WAGNER, **APPELLEES**
MERLIN JOSEPH WAGNER, JR. AND WAYNE
A. COOK

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2015 |
| TRIAL JUDGE: | HON. D. NEIL HARRIS SR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PAULETTE MCLEOD TURNER |
| ATTORNEYS FOR APPELLEES: | JOHN L. HUNTER |
| | HENRY P. PATE III |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 08/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must decide whether the Jackson County Chancery Court erred in granting summary judgment in favor of Merlin Wagner's estate and denying Brenda Smith's motion for reconsideration.

## FACTS AND PROCEDURAL HISTORY

¶2.     Brenda and her husband, Merlin, owned and operated Wagner Heating, Air Conditioning and Electrical Co. Inc. (Wagner Heating).  In 1983, Brenda and Merlin

divorced. As part of the division of marital property, the chancery court granted Merlin the use and possession of the business premises at 1777 Old Mobile Highway, Pascagoula. And Brenda and Merlin were granted joint use of thirty-six acres of land in Colorado. The judgment of divorce also included the following provision:

> [Brenda] should be and she is hereby granted a one-half (1/2) interest in and to the business known as Wagner's Heating, Air Conditioning and Electrical Co., Inc.[,] and a resulting or constructive trust to the extent of one-half (1/2) of the said business is hereby given and granted for the benefit of [Brenda]; further, that a lien may be impressed against said business to secure [Brenda's] interest.

¶3. In August 1984, Brenda filed for bankruptcy. Around this time, Brenda filed a complaint for citation for contempt and other relief in chancery court against Merlin. In her bankruptcy petition, Brenda listed certain assets that were jointly owned with Merlin. To protect and preserve his interests, Merlin made an offer to the bankruptcy trustee to pay $35,000 for:

> [A] deed to the commercial property located at 1777 Old Mobile Highway, Pascagoula, Mississippi, the Colorado property including the house trailer, and any other assets which are jointly owned, plus an assumption of all of the outstanding balances . . . .

¶4. The bankruptcy trustee filed a trustee's application for sale of property with notice of a "motion to sell [Brenda's] one-half interest in property." In the application, the trustee listed specific property that was proposed for sale:

> A.    Commercial building, 1777 Old Mobile Hwy., Pascagoula, MS 39567[;]
>
> B.    Acreage with mobile home and improvements, Rullison, Colorado[;]
>
> And all personal property items associated with each property.

2

¶5.     On February 21, 1985, the bankruptcy judge entered an "order authorizing the trustee to sell [Brenda's] interest in assets."  The order included the following paragraph as part of the sale:

> All of [Brenda]'s right, title[,] and interest in and to that certain corporation chartered as Wagner's Heating, Air Conditioning & Electrical Co., Inc., a Mississippi corporation, including all of the assets thereof, together with any and all claims of any kind and nature which [Brenda] may have therein and thereto[.]

¶6.     In March 1985, the bankruptcy trustee executed two trustee's deeds: one conveying Brenda's right, title, and interest in the real property located at 1777 Old Mobile Highway, Pascagoula, and another conveying Brenda's interest in the Colorado property.  The bankruptcy court also entered an order on March 15, 1985, authorizing Brenda to proceed on her complaint for citation for contempt in chancery court.

¶7.     Subsequently, Merlin's attorney entered a copy of the February 21 order in the chancery-court record.  In a letter to Merlin's attorney, Brenda's attorney stated the February 21 order was invalid and "ha[d] not been processed."  Brenda's attorney also sent a letter to the bankruptcy judge stating that "we objected to the way that the Order was drafted" and that the order "had been processed and would like to take those steps necessary to set that Order aside with respect to Paragraph A only . . . ."

¶8.     In September 1985, Brenda requested copies of all of the orders from the bankruptcy court.  The bankruptcy clerk enclosed a copy of the court docket and stated that it was "a record of all matters brought before the court in [the] bankruptcy [case]."  The docket did not include the February 21 order.

3

¶9.    In May 1989, Wagner Heating was administratively dissolved.

¶10.    In 2014, Merlin died, and Wayne Cook Jr. was appointed executor of Merlin's estate. Brenda filed a petition to exert an ownership interest in the business assets and a motion to intervene. Brenda testified that Merlin never paid her "one penny" after the divorce, and she was so frustrated by his failure to pay that she decided to wait until after his death to bring any enforcement action.

¶11.    Wagner's estate filed a motion for summary judgment, which was granted. Brenda filed a motion for reconsideration, which was denied in the chancellor's final judgment. Brenda appeals, asserting the chancery court erred in finding there was no genuine issue of material fact as to whether Merlin purchased her one-half interest in Wagner Heating. She also asserts that the chancery court erred in finding that even if there was a genuine issue of material fact, her claim is barred by the statute of limitations or doctrine of laches.

## STANDARD OF REVIEW

¶12.    The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id.*

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

4

This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 88-89 (¶¶10-11) (internal quotation marks and citations omitted).

**DISCUSSION**

¶13.   Brenda claims there was a genuine issue of material fact as to whether Merlin purchased Brenda's one-half interest in Wagner Heating. Brenda claims the only evidence that she sold her interest in the business is the February 21 order, which was not entered into the docket as required by Federal Rules of Bankruptcy Procedure 5003 and 9021.

¶14.   Rule 9021 provides that "[a] judgment or order is effective when entered under Rule 5003." Rule 5003(a) requires the clerk to enter on the official docket "each judgment, order, and activity in that case." And the term "judgment" means "any appealable order." F.R.B.P. 9001(7). "Therefore, any appealable order becomes effective once entered on the Court's official docket." *In re Saunders,* 240 B.R. 636, 643 (S.D. Fla. 1999).

¶15.   There does not appear to be a case that squarely addresses the issue in the present action. For every case that states an order must be officially docketed to be effective, there is a case that says otherwise.

¶16.   In *NBD Highland Park Bank N.A. v. Wien*, 622 N.E.2d 123, 126 (Ill. Ct. App. 1993),

5

the bankruptcy judge gave an oral ruling to remand the case to state court and to lift an automatic stay on October 5, 1992. The orders were not docketed until October 14 and 15, respectively. *Id.* at 126-27. On October 12, 1992, before the orders were docketed, the disputed property was sold. *Id.* at 126.

¶17. The *Wien* court stated that "[o]rders do not become final until they are docketed. The reasons for respecting finality of judgments do not apply to undocketed orders. They cannot be enforced. They cannot be appealed. Hence, judges may change their decisions until they are docketed." *Id.* at 127 (quoting *In re Am. Precision Vibrator Co.*, 863 F.2d 428, 429 (5th Cir. 1989)).

¶18. However, the *Wien* court distinguished its set of facts from those in *Noli v. Commissioner of Internal Revenue*, 860 F.2d 1521 (9th Cir. 1988). "In *Noli*, the defendants filed bankruptcy petitions that automatically stayed a trial in the tax court." *Wien*, 622 N.E.2d at 127. "The government . . . . moved the bankruptcy court for relief from the automatic stay, which the court granted by an oral order." *Id.* "The government then immediately proceeded with the trial based upon the bankruptcy court's undocketed oral order." *Id.* "The defendants argued that the tax court proceedings were improper because the bankruptcy court's oral order lifting the automatic stay had not been docketed." *Id.* The *Noli* court required that the petitioner establish that he was prejudiced by the bankruptcy court's failure to enter a judgment. *Noli,* 860 F.2d at 1525. Because the petitioners "were present when the oral order was issued and clearly had notice of its existence and content," the bankruptcy court held that the order lifting the stay was effective and binding upon the

6

parties. *Id.*

¶19.    In *Saunders*, the court dealt with a similar situation, and we believe its reasoning is instructive and should be followed.  The *Saunders* court wrote:

> Rather, common sense dictates that a court's order is effective when a court enters such an order. . . . To hold otherwise would permit the clerk's office to misplace an order and prevent the judge's order from becoming effective. Parties should be able to reasonably rely on a written order, signed by a Judge, that the party has actually received, even if this Order does not get docketed.

*Saunders*, 240 B.R. at 644.

¶20.    In the present action, Brenda had knowledge of the signed bankruptcy-court order with a date stamp of February 21.  *See id.*  Therefore, the order authorizing the sale of Brenda's one-half interest in Wagner Heating was effective.  The chancery court did not err in granting summary judgment.

¶21.    **THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**GRIFFIS, P.J., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR.  FAIR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE OPINION.**