2023 IL App (1st) 221021-U

No. 1-22-1021

Order filed March 30, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MIDFIRST BANK, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 19 CH 9896 |
| | ) | |
| UNKNOWN HEIRS AND/OR LEGATEES OF | ) | |
| KIMBERLY A. BRYANT, DECEASED; MARVIN C. | ) | |
| BRYANT; CARY ROSENTHAL, AS SPECIAL | ) | |
| REPRESENTATIVE FOR KIMBERLY A. BRYANT, | ) | |
| DECEASED; UNITED STATES OF AMERICA; | ) | |
| UNKNOWN OWNERS AND NONRECORD | ) | |
| CLAIMANTS; UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants. | ) | Honorable |
| | ) | Joel Chupack, |
| (Zena Perry, Executor of the Estate of the Kimberly Bryant, | ) | Judge, presiding. |
| Defendant-Appellant) | ) | |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*:    The order of the circuit court confirming the foreclosure sale is affirmed where the order was entered after bankruptcy proceedings were dismissed and the automatic stay ended, and the appellant failed to provide this court with a sufficiently complete record to support her claims of error.

¶ 2    The defendant, Zena Perry, acting *pro se*, appeals from an order of the Circuit Court of Cook County confirming the foreclosure sale of property belonging to the estate of Kimberly Bryant. On appeal, Perry argues that the order was entered in violation of the automatic stay associated with a bankruptcy action she filed. Perry further argues that the trial court violated her right to due process and that the plaintiff, Midfirst Bank, committed fraud. For the reasons which follow, we affirm.

¶ 3    No report of proceedings was filed in this appeal. The following facts are gleaned from the common law record.

¶ 4    On August 27, 2019, the plaintiff, Midfirst Bank, filed a mortgage foreclosure action on a single-family home on Champlain Avenue in Chicago, naming as defendants: Unknown Heirs and/or Legatees of Kimberly A. Bryant, deceased; Marvin C. Bryant; The United States of America; Unknown Owners and Non-Record Claimants; and Unknown Occupants. The complaint alleged that the mortgage was in default due to the failure to pay monthly installments after February 2019 and alleged a principal balance of $86,994.59. The complaint named the United States as a defendant by reason of federal tax liens against Kimberly. Marvin C. Bryant was named as the known heir of Kimberly. The complaint did not allege that any defendant was personally liable for a deficiency, if any.

¶ 5    A return of service for unknown heirs and legatees indicates that it was served on August 30, 2019, by substitute service on Zena Perry, a person residing at the address on Champlain Avenue. On October 15, 2019, the plaintiff filed a motion to appoint a special representative for the estate of

Kimberly alleging that no probate estate had been opened. On November 7, 2019, Cary Rosenthal was appointed special representative of the estate of Kimberly A. Bryant, deceased. On November 12, 2019, the plaintiff filed an amended complaint naming Rosenthal as a defendant.

¶ 6       On November 18, 2019, Rosenthal answered the complaint. In the answer, Rosenthal alleged that an investigator had contacted Marvin, who confirmed that he was the nephew of Kimberly's deceased mother. Marvin stated that Kimberly was never married, had no children, and that her parents predeceased her. Rosenthal further noted that the return of service on whomever might be residing in the residence was served on Perry who stated her relationship as "sister," but did not state whose sister she might be.

¶ 7       On December 10, 2019, the plaintiff filed an affidavit for service by publication, and on December 13, 20, and 27 notice was placed in the Chicago Daily Law Bulletin. On February 13, 2020, Rabbi B. Smith, acting *pro se*, filed an appearance and answer to the complaint. The answer identified Smith as "owner," and stated that he had not received the complaint. Smith requested "discovery and time to response [*sic*] to this complaint."

¶ 8       On February 27, 2020, the plaintiff moved for the appointment of a selling officer, moved for  summary judgment against the United States, moved for summary judgment against Rosenthal, and moved to strike Smith's appearance and answer, arguing that he was not a party defendant and that his answer was deficient on its face. The plaintiff also moved for a default judgment against unknown heirs and legatees of Kimberly, unknown owners and unknown occupants.

¶ 9       For reasons not appearing in the record, several court dates were stricken in 2020 and 2021.

¶ 10     On October 29, 2021, the plaintiff filed another motion for default judgment against the unknown heirs, unknow owners, and unknown occupants. The plaintiff also filed for summary

judgment against Rosenthal and the United States of America. The matter was set for a Zoom hearing on November 10, 2021. No written order from the November 10, hearing appears in the record.

¶ 11     On December 10, 2021, Smith filed a notice of appeal, stating that it was being brought by Smith and Perry. That appeal was docketed in this court as number 1-21-1594.

¶ 12     On January 26, 2022, the plaintiff filed a notice of sale, stating that a judicial sale would be held on February 14, 2022.

¶ 13     On April 12, 2022, the plaintiff filed a report of the sale and distribution stating that the sale took place on February 14, 2022. On April 28, 2022, the plaintiff filed a motion for an order approving the report of sale and distribution, confirming the sale, and the issuance of an eviction order. The matter was set for a Zoom hearing on May 4, 2022.

¶ 14     On May 5, 2022, the court entered an order on the motion to approve the sale. In the written order, the court found that the plaintiff's counsel had informed the court that Perry, who was claiming to be the executor of Kimberly's estate, had filed a Chapter 13 bankruptcy petition. The court further found that the plaintiff had indicated that it did not want to violate the stay. Accordingly, the court ordered that the motion for an order confirming the sale be entered and continued generally, subject to notice after the bankruptcy court had entered an appropriate order.

¶ 15     On June 2, 2022, the plaintiff filed a motion for an order approving the report of sale and distribution, an order confirming the sale, and an eviction order. The motion was set for hearing on June 8, 2022.

¶ 16     On June 3, 2022, Perry, acting *pro se*, filed an answer to the complaint. The answer alleged that Perry was the "executive of the estate" and a "known heir of the legatees" and stated that Perry was the "successor of interest" for the property. Perry alleged she filed a Chapter 13 bankruptcy

petition on February 11, 2022, and that the sale on February 14, 2022 was "illegal." Attached to the answer was notice of bankruptcy filing indicating that a Chapter 13 petition had been filed on February 11, 2022, at 4:33 p.m. Also attached to the answer was a small estate affidavit purportedly signed by Perry on August 20, 2014, stating that Kimberly died without a will and that the property on Champlain Avenue was donated to "Thy Will Be Done Ministry Rabbi Smith is receiver of property." A death certificate was filed with the answer stating that Kimberly died on February 20, 2012.

¶ 17    On June 8, 2022, an order approving the report of sale and distribution and, confirming the sale of the property, and ordering the eviction of Marvin was entered by the circuit court. The written order did not address Perry's answer to the complaint or her bankruptcy action.

¶ 18    On July 8, 2022, Perry filed a notice of appeal from the orders of "November 10, 2021, December 10, 2021, and June 8, 2022." The appeal was docketed in this court as number 1-22-1021 and is the subject of this order.

¶ 19    Appeal number 1-21-1594 was dismissed for want of prosecution on August 31, 2022.

¶ 20    Initially, we note that the plaintiff, as appellee, has not filed a brief, and this case was ordered taken on the appellant's brief alone. However, we find that the record is simple, and the claimed errors are such that this court can easily decide them without the aid of an appellee's brief. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 132 (1976). Accordingly, we will decide this case in accordance with the principles set forth by our supreme court in *Talandis*.

¶ 21    Perry's *pro se* appellant brief is difficult to follow. Although she cites numerous federal statutes in the authorities section of the brief, she cites none of those authorities in the argument section and makes no attempt to explain how, or if, they apply. One argument, however, is apparent

when the brief is read as a whole. Perry argues that the trial court erred in entering an order approving the sale of the property, because the sale of the Champlain Avenue property occurred in violation of the automatic stay created when she filed her bankruptcy petition.

¶ 22    Perry argues that the sale of the Champlain Avenue Property was null and void because that action was taken in violation of the bankruptcy stay. The filing of a bankruptcy petition creates a stay that prevents creditors from taking action against the debtor that " 'takes effect the moment a bankruptcy petition is filed and without regard to whether a party or a state court has notice of the filing.' " See *Williams Awning Co. v. Illinois Workers' Compensation Commission* 2011 IL App (1st) 102810WC, ¶ 11 (quoting *Cohen v. Salata,* 303 Ill. App. 3d 1060, 1064 (1999)). That, however, does not end our inquiry. Actions taken in violation of the stay are not "void" or even "voidable;" rather, they are "invalid." See *In re Friedman* 531 B.R. 741, 745 (Bankr. N.D. Ill. 2022) (distinguishing between void, voidable, and invalid.) The bankruptcy court has both the discretion and authority to grant retroactive relief from a stay and validate any orders or actions taken in violation of the stay. See *Kimbrell v. Brown*, 651 F.3d 752, 755 (7th Cir. 2011). " '[N]on-bankruptcy courts have concurrent jurisdiction with the bankruptcy court to determine the scope of the automatic stay.' " *Performance Food Group Co., LLC v. ARBA Care Ctr. of Bloomington, LLC*, 2017 IL App (3d) 160348, ¶ 26 (quoting *Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48, 51 (Bankr. E.D. NY 2015)).

¶ 23    An action taken in state court to reinstate a foreclosure action and confirm a foreclosure sale does not violate the automatic stay if it occurs after the bankruptcy petition giving rise to the stay is dismissed. See *Standard Federal Bank for Savings v. Hanno*, 323 Ill. App. 3d 521, 525-26 (2001). In Illinois, a judicial foreclosure sale is not complete until it has been approved by the circuit court.

*JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 264 (2008). The high bid received at a judicial sale is merely an irrevocable offer and acceptance does not occur until the circuit court confirms the sale. *Id.* In *Standard Federal*, the court held that the order confirming a prior sale did not violate the automatic stay because it occurred after the bankruptcy petition was dismissed. 323 Ill. App. 3d at 525-26. ("[T]he petition giving rise to the stay was dismissed prior to the order to reinstate and confirm the foreclosure sale. As such, the foreclosure sale occurred after the stay ended.")

¶ 24    In this case, absent from Perry's statement of the facts and arguments on appeal is the fact that the bankruptcy petition she filed was dismissed well before the circuit court entered its order confirming the sale. The records of the bankruptcy court, of which we may take judicial notice (see *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37) indicate that Perry's bankruptcy petition was dismissed on March 8, 2022. The order confirming the sale entered on June 8, 2022, was clearly not in violation of the automatic stay. When the circuit court entered its order, it implicitly held that the sale made while the stay was in effect was not completed until after the case was dismissed and the stay ended. Perry urges us to find otherwise and vacate the circuit court's order.

¶ 25    Our review, however, is hindered by the appellant's failure to provide a complete record. As the appellant, Perry bears the burden of providing this court with a sufficiently complete record of the proceedings in the circuit court to support a claim of error. *Foutch v. O'Bryant* 99 Ill. 2d 389, 391 (1984). In the absence of a sufficiently complete record on appeal, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis. See *In re Marriage of Gulla and Kanaval*, 234 Ill. 2d 414, 422 (2009). Without a report of proceedings, approved

bystanders report, or agreed statement of facts, this court is unaware of the testimony, evidence, or arguments, if any, presented at the June 8, 2022, hearing and the basis for the circuit court's order. Accordingly, Perry's claims are not capable of review. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Instead, we must presume that the circuit court heard adequate evidence to support its judgment and acted in conformance with the law. *Id.*

¶ 26    To the extent that Perry is arguing the circuit court violated her rights to due process, and the plaintiff committed fraud, we find that Perry has forfeited those arguments by failing to support them with factual allegations complete with citations to the record in violation of Illinois Supreme Court Rule 341(h)(7) (eff. October 1, 2020). See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 ("This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts.") Moreover, Perry's remaining arguments on appeal suffer from the same problem of an insufficient record as did her bankruptcy argument. Without a report of proceedings, or acceptable substitute, for the hearings before the circuit court, we cannot determine whether the procedures followed by the circuit court violated due process, or whether any action taken by plaintiff constituted fraud. Therefore, we must presume that the circuit court heard adequate evidence and acted in conformity with the law. See *Gulla*, 234 Ill. 2d at 422.

¶ 27    Therefore, for the reasons stated we affirm the judgment of the circuit court confirming the foreclosure sale and ordering eviction.

¶ 28    Affirmed.