ALBION–IDAHO LAND CO. v. ADAMS et al.

No. 992.

District Court, D. Idaho, S. D.

Jan. 29, 1945.

A. H. Nielson, of Burley, Idaho, for petitioner Marlin H. Booth.

S. T. Lowe and Kales E. Lowe, both of Burley, Idaho, for objectors.

CLARK, District Judge.

This action was filed on May 20, 1922, to adjudicate the waters of Raft River and its tributaries. There were some four hundred parties involved in the proceedings. It necessarily followed, considering the number of water rights involved and the number of parties, that it took some time to bring the cause at issue. This was accomplished, however, shortly before September 18, 1928, and the decree was presented to the Court on stipulation of the parties and was signed on September 18, 1928, and filed October 23, 1928. Some of the parties appealed and the decree was affirmed by the Circuit Court of Appeals of the Ninth Circuit on October 21, 1930, 39 F.2d 37.

The motion now under consideration by this Court was filed October 5, 1943, by Marlin H. Booth and the motion requests the Court to correct an error made in the decree covering one certain water right decreed to the International Mortgage Bank. In the stipulation made between the parties prior to the entering of the decree it was stipulated that a certain decree made in the State Courts in the case of Kirk et al. v. Bartholmew et al., 3 Idaho 367, 29 P. 40, was to be copied in the decree. However, in the final decree presented to the Court by the attorneys for the respective parties, the water right in question was decreed with a date of priority of 1884 for 3.2 second feet to be diverted from Raft River from October 1 to October 15 of each year. While in the decree of Lee Kirk et al. v. A. Bartholmew it provided for a priority of 1884, with the water to be diverted from Raft River from April 1 to October 15 of each year. W. G. Bissell one of the attorneys appearing in the action originally, filed his affidavit, as did Marlin H. Booth, in support of the motion

now under consideration. W. G. Bissell also testified to the same effect.

Marlin H. Booth is successor in interest to one Frank E. Crane, who is a successor in interest to the International Mortgage Bank. The motion is opposed by the Malta Land & Irrigation Company, a corporation, and others who were successors in interest to other parties to the decree. None of the original parties to the suit are before the Court, nor have they received notice of this motion. These parties objecting to the granting of the motion all were noticed to appear by Marlin H. Booth, who requested the correction of the decree.

The Court first heard this matter on a motion to dismiss but postponed action on the motion until the hearing on the merits and required the objecting parties to answer.

The matter was heard on the 6th day of December, 1944, and at the conclusion of applicant's testimony motion for nonsuit and dismissal was made by the objecting parties.

The Court postponed ruling on this motion and requested the objectors to put on their proof. At the conclusion of the hearing the entire matter was taken under advisement. The question before the Court was the same on the motion to dismiss; motion for nonsuit and on the issues as heard on their merits and can be treated as a whole in arriving at a decision. The applicant contends that he is entitled to the relief prayed for under rule 60, subdivision (a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the objecting parties contend that rule 60, subdivision (b), is controlling.

■ It must be borne in mind that the rules of civil procedure govern actions brought after they took effect and this action was completed and final decree entered long prior to the effective date of these rules. Whether they apply does not need to be considered, however, as there is no material difference in the general rule covering matters of this kind prior to the enactment of the present rules.

This is clearly an error in preparing the decree; it is also negligence on the part of the attorney representing the International Mortgage Credit Bank in not more carefully checking the decree before submitting it to the Court. It is a serious error, as a water right with date of priority of 1884 with the right of the use thereof from April 1 to October 15 of each year is ordinarily a valuable right, while if the use is limited from October 1 to October 15 of each year the right would be worthless, as it is a recognized fact that the irrigation season would be nearly over before October 1 of each crop season.

There are two main questions involved here: Does the Court have jurisdiction, and, would it be equitable to grant the relief? In determining this what are the facts?

■ First considering the motion; it is made upon notice of motion to be served upon holders of water rights below the above described lands and the junction of Raft River and Cassia Creek in Cassia County, Idaho, and affidavits of Marlin H. Booth and W. G. Bissell attorney at law, which affidavits are hereinbefore referred to, also upon stipulations, pleadings, papers, records and files in the above entitled action. In addition to this, the oral testimony of Mr. Bissell was taken at the trial and other oral testimony received. Therefore, this motion is not based on the records of the Court alone, but proof outside of the record is submitted to the Court in support of the motion. In such a case it would seem to be settled by the preponderance of authority that notice should be given to all parties to the action. The error that is asked to be corrected is a substantive part of the decree, and the Court would not have jurisdiction to enter such an order in the absence of the parties to the action who would be effected by it. The Judge who originally entered the decree has retired and this Judge is his successor, so there is no independent recollection of the Court to be relied upon. If there was such recollection or if the matter was submitted to the Court on the record alone then it would be doubtful whether notice would be required unless through delay it would work an injustice to make the correction. However, this matter is not submitted on the record alone but upon evidence submitted in affidavit form and by oral testimony. In such a case notice is required. O'Dell v. Reynolds, 6 Cir., 70 F. 659; Wetmore v. Karrick, 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745.

■ Whether it be the inadvertence or neglect of counsel or a clerical error overlooked by him, the rule as to notice under the proceedings as taken in this matter would be the same. This is an error that could not be corrected without notice.

There is another reason why this Court is without jurisdiction; this case was appealed to the Circuit Court of Appeals of this, the Ninth Circuit, and the decree affirmed by that Court. This Court has no authority to alter or amend a judgment affirmed by a higher Court whether the proceedings were under rule 60 of the Rules of Civil Procedure or under the rule existing prior to its adoption. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387, at page 388. Such a motion could only be entertained with the Appellate Court's consent. Central Hanover Bank & Trust Co. et al. v. Wardman Real Estate Properties, Inc., 31 F.Supp. 685.

The main question is as to whether the authority of the Court to make the correction has been seasonably invoked.

The water right in question together with the land to which it was appurtenant was deeded October 23, 1926, to Frank E. Crane by the International Mortgage Bank. The water right was not particularly described but the deed, after the description of the land, recited: "together with all water right in connection therewith or appurtenant thereto". The decree was entered and filed in October 1928. The record is silent as to any action by Crane and there is nothing in the record to show any use of the water by Crane (unless it can be found in the affidavit of Marlin H. Booth) from the date of the deed or the date of the decree to March 11, 1936, approximately nine years and five months after the date of the deed and over seven years from the entry of the decree. Crane had legal notice when the decree was entered. He waited all these years without asserting any right to have the decree corrected. This could be overlooked if there was any excusable reason for the delay shown and there was no change of circumstances rendering it inequitable to grant the relief.

A water right is a complement of or one of the appurtenances of the land to which through necessity the said water is being applied. Idaho Code Annotated, § 41-101. It is real estate (Idaho Code Annotated, § 54-101), and when it has been adjudicated the decree constitutes legal notice to all users on the stream and to anyone who purchases land and water or who subsequently appropriates water therefrom. The only limitation is that the right is lost and abandoned by the failure for a term of five years to apply it to a beneficial use for which it was appropriated and when any right to the use of water shall be lost through nonuse or abandonment, such water reverts to the state and it is again subject to appropriation. Idaho Code Annotated, § 41-216.

■ The Court does not hold that the right was abandoned by Crane, but there is a very strong presumption that it was abandoned, at least in the present hearing there is unreasonable and unexplained negligence on his part in not asserting his right. Marlin H. Booth was not a party to the suit. On March 11, 1936, he purchased the land from Crane; he appears before this Court as one who has purchased a suit after judgment; all he could buy was what Crane had for sale. If the right to correct the decree had been lost through laches or abandonment at that time, then Booth is in no better position to have it corrected than his predecessor in interest. He also had legal notice at the time of the purchase that the decree recited a right to the use from October 1 to October 15 of each year. His deed made the following reference to water right: "together with all water rights in connection with or appurtenant thereto." After the date of his purchase he waited over seven years before moving the Court to make this correction, and the only excuse given by him is that there was little water to be distributed under the decree and for that reason very little attention was given to the water rights existing in Raft River and that he later found, when there was sufficient water to fill some of the early decrees, that he could not obtain water under the decree. When this discovery was made by him is not shown, so all together we find a period of approximately sixteen years have elapsed since the entry of the decree, approximately fourteen years since the decree was affirmed by the Ninth Circuit Court of Appeals.

■■ Although there are exceptions to the rule, freedom from fault and negligence on the part of one seeking such relief is essential, and in the light of the facts here the motion to correct this error cannot be sustained. Clearly this Court should have been advised of the error so that it could have been corrected long before this time. It is well established as a principle of equity that a party seeking relief in a matter like this must use due diligence in asserting his right, and that negligence and laches in this regard are equally effectual bars to relief, and this is es-

pecially so if the correction would be harmful to intervening rights. The authorities are uniform in so holding.

There is no evidence that either Crane or Booth was hindered in any way from discovering the mistake and it will be presumed that Booth knew what he was buying and of what the water right consisted at the time the deed was issued to him. There was nothing to hinder Booth at the time from finding out. He was at least carelessly inattentive to what he was buying unless he knew the contents of the decree. He had legal notice of its contents and there is no reasonable showing why both Crane and Booth have slept on their rights for so many years while other rights have intervened by purchase of land and water, not only by the parties appearing here and objecting to the correction of the decree who are injured if the decree is corrected, but no doubt where there are over four hundred other rights, other parties have purchased land and water over the last sixteen years who could claim injury by having the decree corrected.

There are some other questions raised by parties objecting to this correction that are not free from doubt which I feel are unnecessary to consider at this time.

The Court is without jurisdiction and it would be inequitable to grant the relief prayed for. The motion will be denied.