**DURA–WOOD TREATING COMPANY, DIVISION OF ROY O. MARTIN LUMBER COMPANY, Plaintiff-Appellee,**

v.

**CENTURY FOREST INDUSTRIES, INC., Defendant-Appellant.**

**No. 82–2334**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1982.

Flournoy, Deaton & Stephens, W. David Stephens, Lufkin, Tex., for defendant-appellant.

George T. Allison, Longview, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

This appeal concerns only an upward revision in the amount of attorneys' fees awarded a successful plaintiff, made by the trial court on remand. Two issues are dispositive: (1) Whether this revision was the sort of correction of a clerical error permitted by Rule 60(a), Federal Rules of Civil Procedure, and (2) whether the court could properly make such a correction on remand when no complaint of the error had been made on the first appeal. We affirm.

The facts of the case are detailed in our former opinion. 675 F.2d 745 (1982). Suffice it to say for present purposes that at trial plaintiff Dura-Wood Treating Company recovered $100,000.00 damages in this diversity action for breach of contract, with costs and with attorneys' fees authorized by a Texas statute. The parties had stipulated of record that reasonable and necessary attorneys' fees for trial were $4680.00 and for appeal $2100.00. The court's findings of facts, however, incorrectly recited that "[r]easonable and necessary attorneys' fees incurred by the Plaintiff in bringing this action equal $2100.00 as stipulated by the parties." Judgment was therefore entered in the aggregate amount of $102,100.00, plus interest and costs.

On appeal, defendant attacked the judgment on several grounds, including at least one that would, had it been sustained, have resulted in a take-nothing judgment. We reversed the judgment in part, affirmed in a lesser amount ($45,000.00), and remanded the case for entry of a judgment consistent with our opinion. On remand the district court entered judgment for $45,000.00 in damages "plus the sum of . . . ($6,780.00) DOLLARS which amount represents the reasonable attorneys' fee stipulated to by the parties. . . ." Defendants now appeal this increased award, asserting that since the original award was not questioned on appeal the court below could not revise it, that no award could properly be made to a party whose judgment was reduced on appeal, and that the court abused its discretion in awarding twice the amount of fees on appeal that it originally awarded for

trial of the case. We conclude, however, that since the revision was one of a clerical error, of the kind permitted "at any time of [the court's] own initiative" by Rule 60(a),[1] appellant's contentions are wide of the mark.

■ Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. Wright & Miller, Federal Practice and Procedure: Civil § 2854 and cases cited at n. 44. If of this sort, it matters not whether the magistrate committed it—as by mistakenly drafting his own judgment—or whether his clerk did so, *id.;* the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth. *Id.* and cases cited at n. 43.

Here the court clearly intended, in its original judgment, to recite the stipulation as to reasonable attorneys' fees entered into of record by the parties and to award the stipulated fees, but in doing so it mis-recited the stipulation: no one had agreed, as the court recited, that "[r]easonable and necessary attorneys' fees incurred by the plaintiff in *bringing this action* equal $2100.00 *as stipulated by the parties.*" (emphasis added). Rather the agreement was on $4680.00 as a reasonable fee for bringing the action in the trial court and $2100.00 for the appeal, as the record clearly states. Thus the error was clerical, a mis-recitation of the record, and subject to correction under Rule 60(a).

■ Since it was, the sole remaining question is whether the court below was empowered to make the correction on a remand ordered by us "for entry of a judgment consistent with this opinion." 675 F.2d at 756. The short answer is that we see no impediment: Rule 60(a) authorizes it in clear terms—"at any time"—and, since we see nothing in the court's action which is not "consistent" with our opinion, no unfaithfulness to our mandate is apparent. The matter was before the district court on remand and clearly within its jurisdiction; the entry of a revised judgment was commanded. What could be more appropriate than for that court, in the course of entering such a judgment, to correct a clear clerical error apparent on the face of the record?[2]

■ When the matter is viewed in this light, appellant's contentions are easily dis-

1. Which reads,
    (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

2. We are aware that, as Professor Wright observes, two early cases declare that a district court lacks power to correct even a clerical error in a judgment that has been affirmed by an appellate court. Wright & Miller: Federal Practice & Procedure: Civil § 2857 p. 157, citing *Home Indemnity Co. of New York v. O'Brien,* 112 F.2d 387 (6th Cir.1940) and *Albion-Idaho Land Co. v. Adams,* 58 F.Supp. 579 (S.D.Idaho 1945). We have examined each of these authorities, however, and note that neither involves, as this does, a remand to the district court for further proceedings "consistent with this opinion." Each concerned a "straight affirmance" and a mandate from the higher court leaving nothing to the court below save the execution of the judgment as affirmed. *O'Brien,* indeed, notes this circumstance and remarks on the attempted addition of interest to the judgment by the court below on remand as an attempt "to alter the judgment in defiance of the express command of the mandate." 112 F.2d at 388. Such an action poses jurisdictional questions where no independent action to alter the judgment has been filed, none of which are present here. It is doubtful, moreover, that either error sought to be corrected in the two authorities cited was merely clerical; certainly neither was a clear misrecitation of the record such as we contemplate nor involved a need to "make the judgment speak the truth" as to the stipulation of the parties on which the court had founded its award. We do not regard our holding as in conflict with these authorities.

posed of. We do not doubt that the better practice would have been to request the correction earlier, even during the pendency of the appeal, as permitted by the terms of Rule 60(a). Under the clear language of the rule, however, the court below could make the correction "at any time" at which it retained jurisdiction of the case, as it did on remand. As for the suggestion that appellate attorneys' fees should not be allowed a party whose judgment was reduced in amount on appeal, we find it meritless. Appellee's appellate defense of a judgment attacked at all points was partly successful and was certainly necessary to its partial preservation. The final contention regarding an award of twice the fees for appeal as were awarded for trial is frivolous and does not merit discussion.

AFFIRMED.