UNITED STATES of America, Plaintiff

v.

**$109,445.00 IN UNITED STATES CURRENCY AND/OR COIN MORE OR LESS, WITH ALL ACCUMULATED INTEREST THEREON, Defendant.**

**No. 1:95cv225.**

United States District Court, E.D. Texas, Beaumont Division.

Feb. 23, 1996.

As corrected March 4, 1996.

Robert C. Dalton, Assistant United States Attorney, Beaumont, TX, for plaintiff.

Spencer H. Gardner, Houston, TX, for defendant.

## MEMORANDUM OPINION

HEARTFIELD, District Judge.

The court signed the form of consent judgment accompanying plaintiff's unopposed motion for entry of consent judgment [17] on January 23, 1996.[1] Although it contemplated dividing the $109,445.00 at issue in this case equally between the parties, this consent judgment [22] actually decreed that the United States and Ghanbar–Ali Kamaie each receive $54,772.50, which is $50.00 more than half of $109,455.00. Because of this circumstance, the United States now asks that the allocation made to each party in the consent judgment be changed from $54,772.50 to $54,722.50. Second Motion to Correct Clerical Error and Order Amending Consent Judgment at 2.

■■■ Federal Rule of Civil Procedure 60(a) permits a court, at any time, to correct "mistake[s] ... of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura–Wood Treating Company, Division of Roy O. Martin Lumber Company v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir.1982) (citations omitted). Because the errors in the consent judgment for this action fall within the class of mistakes that Rule 60(a) covers, *see* Second Motion to Correct Clerical Error and Order Amending Consent Judgment at 1–2, the court grants the United States' second unopposed motion to correct clerical error and order amending consent judgment [24].[2] *See Garcia v. Secretary of Health and Human Services*, 31 Fed.Cl. 276 (1994) (relying upon Rule 60(a) to correct a typographical error in a compensation award figure). It

will enter an order conforming with this opinion.

---

1. The United States' submission of a form of consent judgment apparently constituted no procedural violation. *See* Judith Resnik, *Failing Faith: Adjudicatory Procedure in Decline*, 53 U.Chi.L.Rev. 494, 496 (1986) ("At a practical level the [Federal] Rules [of Civil Procedure] do not inform litigators about what pieces of paper must be filed in order to obtain entry of a consent judgment."); *id.* n. 8 ("[Although] Rules 54 ("Judgments; Costs") and 58 ("Entry of Judgment") of the Federal Rules provide for judgments, [ ] neither rule specifically discusses the procedures for submitting proposed consent judgments.").

2. That the United States made the error requiring correction poses no difficulty. *See In re West Texas Marketing Corporation*, 12 F.3d 497, 503–4 (5th Cir.1994) ("A mistake correctable under Rule 60(a) need not be committed by the clerk of the court and Rule 60(a) is even available to correct mistakes by the parties.").