**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOROTHY KANT,
Plaintiff-Appellant,

and

SEYMOUR KANT,
Plaintiff,                                        No. 96-2798

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

DOROTHY KANT,
Plaintiff-Appellant,

and

SEYMOUR KANT,
Plaintiff,                                        No. 97-1248

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge;
Clarence E. Goetz, Chief Magistrate Judge.
(CA-95-3079-AW)

Submitted: December 9, 1997

Decided: December 31, 1997

Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

No. 96-2798 dismissed and No. 97-1248 affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dorothy Kant, Appellant Pro Se. Charles Joseph Peters, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dorothy Kant appeals the dismissal of her claim that her Social Security retirement benefits were improperly calculated. On October 28, 1996, the magistrate judge issued an order granting Defendant's motion for summary judgment, entering judgment for Defendant, and directing that the case be closed. Kant's notice of appeal was filed on November 20, and the appeal was docketed on December 16 (No. 96-2798). On November 25, the magistrate judge entered an order rescinding the October 28 order and reopening the case. The magistrate judge then entered a report and recommendation in place of the previous final order.

On December 27, the district court entered a final order adopting the report and recommendation of the magistrate judge. On January 21, 1997, Kant filed an informal brief in appeal No. 96-2798 entitled "INFORMAL BRIEF FOR THE APPEAL OF JUDGE ALEXAN-

2

DER WILLIAM'S CLOSEOUT ORDER OF 27 DECEMBER, 1996." On February 18, 1997, Kant filed a notice of appeal of the district court's December 27, 1996 order (No. 97-1248).

Appellee filed a motion to dismiss in each case. Appellee seeks dismissal of No. 96-2798 on the ground that this court lacks jurisdiction because the order appealed from was erroneously entered and subsequently rescinded. Appellee seeks dismissal of No. 97-1248 for failure to file an informal brief. On appeal, Kant contends that the SSA incorrectly determined her "primary insurance amount."

We grant Appellee's motion to dismiss No. 96-2798, because this is an appeal from an erroneously entered order that was later rescinded. As such, we have no jurisdiction over this appeal.

Under Fed. R. Civ. P. 60(a), the district court retains jurisdiction to correct clerical mistakes during the pendency of an appeal until such time as the appeal is docketed. Rule 60(a) applies when "the court intended one thing but by merely clerical mistake or oversight did another" and does not apply in cases of an error of substantive judgment. Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982). In this case, the magistrate judge entered a final order, without the required consent of all parties pursuant to 28 U.S.C.A. § 636(c) (West Supp. 1997). As such, the magistrate judge only had jurisdiction to issue a report and recommendation. See 28 U.S.C. § 636(b)(1) (1994). When the magistrate judge realized this, he rescinded his previous order and filed a report and recommendation.

We find that the entry of a "final order" by the magistrate judge was a "clerical" error, and as such, the magistrate judge retained the necessary jurisdiction to rescind this order until such time as the notice of appeal was docketed. The rescission was purely a procedural matter and did not in any way affect the merits of Kant's case. Kant was afforded her right to object to the magistrate judge's report under § 636(b)(1), and her appeal of the district court's resulting adoption of the report is now before the court (No. 97-1248). Therefore, because neither party's substantive rights were affected by the magistrate judge's rescission order, the error was correctable under Rule 60(a). See Matter of West Texas Mktg., 12 F.3d 497, 504-05 (5th Cir.

3

1994); see also Olle v. Henry & Wright Corp., 910 F.2d 357, 363 (6th Cir. 1990). Thus, the appeal in No. 96-2798 is dismissed.

Because Kant filed an informal brief in No. 97-1248 (albeit premature and mislabelled), we deny Appellee's motion to dismiss this appeal. We have reviewed the merits of the appeal in No. 97-1248, including the record and the district court's opinion accepting the report and recommendation of the magistrate judge, and we find no reversible error. Accordingly, we affirm on the reasoning of the district court. Kant v. Apfel, No. CA-95-3079-AW (D. Md. Dec. 30, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-2798 - DISMISSED

No. 97-1248 - AFFIRMED

4