**WHEELING DOWNS RACE TRACK AND GAMING CENTER, Petitioner,**

v.

**Paul A. KOVACH, Robert L. Whitlatch, Kari Jo Klein, Internal Revenue Service and Child Support Enforcement Division of the State of West Virginia, a division of the West Virginia Department of Health and Human Services, Respondents.**

No. CIV.A. 5:02CV83.

United States District Court, N.D. West Virginia.

Dec. 28, 2004.

William A. Kolibash and Richard N. Beaver, Phillips, Gardill, Kaiser & Altmeyer, Wheeling, WV, for Petitioner.

Paul A. Kovach, Wheeling, WV, Pro se.

Kari Jo Klein, Wheeling, WV, Pro se.

Joseph A. Wallace, Elkins, WV, Elba Gillenwater, Jr., Seibert & Kasserman, LC, Paul J. Harris, Betsy Steinfeld Jividen, AUSA, Thomas E. Johnston, U.S. Attorney, Denise A. Jebbia, William A. Kolibash, Richard N. Beaver, Phillips, Gardill, Kaiser & Altmeyer, Wheeling, WV, and Pat S. Genis, U.S. Department of Justice Tax Division, Washington, DC, for Respondents.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART INTERNAL REVENUE SERVICE'S MOTION FOR ENTRY OF JUDGMENT, OR IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT AND DENYING DEFENDANT WHITLATCH'S MOTION FOR COURT TO DECLARE MOOT INTERNAL REVENUE SERVICE'S MOTION FOR ENTRY OF JUDGMENT, OR IN THE ALTERNATIVE, RELIEF FROM JUDGMENT

STAMP, District Judge.

#### I. Introduction

On March 30, 2004, this Court entered Findings of Fact and Conclusions of Law in the above-styled civil action. In this document, this Court concluded that Robert L. Whitlatch ("Whitlatch") alone was the appropriate winner of the proceeds of a video lottery Keno machine jackpot in the amount of $90,400.73. This Court held that Paul A. Kovach ("Kovach") has no direct interest in the proceeds, and that no amount of the jackpot was subject to three federal tax liens related to Kovach. This Court also stated that it "makes no finding as to whether the $1,000.00 which Whitlatch has agreed to pay Kovach is subject to any Internal Revenue Service lien." Findings of Fact and Conclusions of Law at 19. This Court dismissed the

cross-claim of the Internal Revenue Service ("IRS") against Kovach. On that same date, the Clerk entered a judgment which stated that "Judgment is awarded to Robert L. Whitlatch on the cross-claim filed by the Internal Revenue Service." On April 19, 2004, the Clerk entered a Supplemental Judgment Order including pre- and post-judgment interest in the total award for Whitlatch. No other modifications were made in the supplemental judgment order.

On June 24, 2004, the IRS submitted a motion for entry of judgment, or in the alternative, for relief from judgment. In this motion, the IRS argues that the judgment entered by this Court on March 30, 2004 and the supplemental judgment entered on April 19, 2004 did not adjudicate the IRS's cross-claim against Kovach for Kovach's unpaid federal income taxes. The IRS, therefore, seeks relief under Federal Rule of Civil Procedure 58. In the alternative, the IRS seeks relief under Federal Rule of Civil Procedure 60(b)(1) and (6) on grounds that the Clerk made an error in not entering judgment on the IRS's cross-claim against Kovach, and/or the Court's intent to grant judgment in part for the IRS was not reflected in the judgment and supplemental judgment.

In response, Whitlatch concedes that this Court erred in awarding judgment on the cross-claim to Whitlatch rather than Kovach. Nevertheless, Whitlatch argues that the IRS's motion should be denied on the following grounds: (1) there is no lack of judgment or deficiency in the judgment which requires entry of a new judgment, as it simply contained a typographical error; and (2) the IRS is not entitled to have the judgment vacated under Rule 60(b)(1) or (6), because a correction under Rule 60(a) is sufficient.

In its reply, the IRS contends that Whitlatch's response fails to acknowledge the IRS's claim to reduce the federal tax assessments to judgment, and focuses only on the IRS's claim that the tax liens should be foreclosed against the jackpot amount. In addition, the IRS notes that this Court expressly declined to rule on whether the IRS was entitled to $1,000.00 that was promised to Kovach by Whitlatch. The IRS argues that it is entitled to judgment on all claims.

In a subsequent filing, Whitlatch moved to have this Court declare moot the IRS's motion for entry of judgment, or in the alternative, relief from judgment. Whitlatch argues that the IRS has proffered arguments and then has failed to pursue them, and has merely submitted this motion in order to escape the consequences of letting its period for appeal expire.

## II. *Discussion*

This Court has considered the parties' memoranda and the applicable law and finds that the IRS's motion for entry of judgment, or in the alternative, for relief from judgment should be granted in part and denied in part. This Court inappropriately entered judgment on behalf of Whitlatch rather than Kovach on the IRS's cross-claim. Thus, this Court will direct the Clerk to enter an amended judgment order that states: "Judgment is awarded to Paul A. Kovach on the cross-claim filed by the Internal Revenue Service."

This Court also notes that the IRS's cross-claim did ask for a "deficiency judgment" against Kovach for the "unsatisfied amount," to the extent that the relief sought therein (i.e., the jackpot proceeds) failed to satisfy the indebtedness described in paragraphs 30 through 32 of the cross-claim. In order for this cross-claim to be properly decided by this Court, it must satisfy the requirements of Federal Rule of Civil Procedure 13(g). This rule states, in pertinent part:

> A pleading may state as a cross-claim any claim by one party against a co-party *arising out of the transaction or occurrence* that is the subject matter either of the original action or of a counterclaim therein or *relating to any property that is the subject matter of the original action.*

Fed.R.Civ.P. 13(g)(emphasis added). Thus, it would appear that the IRS's cross-claim is properly considered if it satisfies one of two requirements: (1) it arose out of the of the same transaction or occurrence as the dispute regarding the jackpot proceeds; or (2) it relates to the same property; i.e., the jackpot proceeds.

In determining whether a cross-claim arose out of the same transaction or occur-

rence, the United States Court of Appeals for the Fourth Circuit suggested in *Painter v. Harvey*, 863 F.2d 329 (4th Cir.1988), that courts make certain inquiries: (1) "Are the issues of fact and law raised in the complaint and cross-claim largely the same?" (2) "Will substantially the same evidence support or refute the complaint as well as the cross-claim?" and (3) "Is there any logical relationship between the complaint and the cross-claim?" *Id.* at 331.

■ The first inquiry relates to common issues of fact and law. This Court finds that there is little, if any, overlap between the original complaint and the IRS's cross-claim regarding Kovach's federal tax assessments. The factual and legal basis for determining Kovach's right to the jackpot proceeds has no relationship to his underlying indebtedness to the IRS. Deciding this cross-claim would require this Court to consider an entirely separate set of facts and legal issues. Thus, the first inquiry suggests that the complaint and cross-claim are not related to the same transaction or occurrence.

Similarly, this Court finds that substantially different evidence will be required to support or refute the IRS's cross-claim. The adjudication of the plaintiff's original complaint did not require this Court to examine the facts and circumstances of Kovach's indebtedness to the IRS. Thus, as previously noted, an entirely new set of evidence must be presented for the cross-claim to be decided.

Finally, the logical relationship between the original complaint and the cross-claim is not sufficiently meaningful to satisfy Rule 13(g). While this Court recognizes that the IRS's involvement in this case stems from Kovach's tax liens, the relationships between the original parties and the actions taken by these individuals as they relate to distribution of the jackpot proceeds is not affected by Kovach's preexisting indebtedness. This inquiry also suggests that the claims do not arise from the same transaction or occurrence.

Consequently, given that this Court has found that the cross-claim does not satisfy any of the inquiries related to the first prong of Rule 13(g), this Court must consider whether the original complaint and the cross-claim relate to the same property. Because this Court has ruled that Kovach is not entitled to any of the jackpot proceeds, and that they belong strictly to Whitlatch, this Court can easily find that they do not. Any judgment related to money or property owned by Kovach does not relate to the same property at issue in the original complaint—the jackpot proceeds. Thus, the second prong of Rule 13(g) is not fulfilled in this case.

Accordingly, the IRS's cross-claim requesting a judgment against Kovach for federal tax assessments does not fall within the scope of Rule 13(g) and is more appropriately decided in a different forum.

Finally, the IRS seeks a ruling on its claim of entitlement to the $1,000.00 that Whitlatch allegedly promised to Kovach for his assistance. This Court has expressly declined to decide this issue, and will continue to do so. Upon review of the record, this Court must conclude that insufficient evidence has been presented to rule on this issue. Moreover, this claim would be more appropriately considered in garnishment proceedings.

■ This Court must next determine the proper course for correcting its clerical mistake of stating that the IRS's cross-claim was decided in favor of Whitlatch rather than Kovach in the original and supplemental judgment orders. After considering the parties' memoranda, this Court agrees with Whitlatch that a correction under Rule 60(a) is sufficient to correct the misnomer. Rule 60(a) states in pertinent part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders . . . .

Fed.R.Civ.P. 60(a). "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *Dura–Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir.1982). In this case, the naming of Whitlatch rather

than Kovach in the judgment order was clerical in nature;[1] the findings of fact and conclusions of law were clear as to the outcome of this cross-claim. Thus, it appears that correction pursuant to Rule 60(a) is appropriate.

Moreover, because this Court has declined to rule on the other issues raised by the IRS in its cross-claim, a new judgment pursuant to Rule 58 is unnecessary. No substantive changes will be made to the original and supplemental judgments.

### III. *Conclusion*

For the reasons stated above, the Internal Revenue Service's motion for entry of judgment, or in the alternative, for relief from judgment, is hereby GRANTED IN PART and DENIED IN PART. Pursuant to Federal Rule of Civil Procedure 60(a), the Clerk is hereby directed to enter an amended judgment order that states: "Judgment is awarded to Paul A. Kovach on the cross-claim filed by the Internal Revenue Service." The Internal Revenue Service's motions for judgment regarding Kovach's federal tax assessments and the Internal Revenue Service's entitlement to the $1,000.00 promised to Kovach by Whitlatch are hereby DENIED WITHOUT PREJUDICE for refiling these claims in a more appropriate forum. Finally, defendant Whitlatch's motion for this Court to declare moot the Internal Revenue Service's motion for entry of judgment, or in the alternative, for relief from judgment is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

---

1. This Court wishes to note that the clerical error was made by the presiding judge, and not by the