**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Juan Raul MORENO, also known as Raul Moreno; also known as Juan Raul Moreno de la Rosa; also known as Raul Juan Torres; also known as Arnulfo Flores, Defendant–Appellant.**

No. 07–20613
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Raul Moreno pleaded guilty to one count of being unlawfully present in the United States following a prior removal subsequent to an aggravated felony conviction and without first having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to a 41–month term of imprisonment.

Moreno appeals his conviction for the limited purpose of correcting the judgment under FED.R.CRIM.P. 36, arguing that the judgment should be corrected to reflect that he was convicted of being found in the United States illegally, and not of illegal reentry, the offense that is listed on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment. He argues that these are distinct offenses.

Rule 36 authorizes us to correct only clerical errors, which exist when " 'the court intended one thing but by merely clerical mistake or oversight did another.' " *See United States v. Steen,* 55 F.3d 1022, 1025–26 n. 3 (5th Cir.1995) (quoting *Dura–Wood Treating Co. v. Century Forest Indus., Inc.,* 694 F.2d 112, 114 (5th Cir. 1982)). In the district court's judgment, the "Nature of Offense" description, "[i]llegal re-entry after deportation for an aggravated felony," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. The district court's judgment uses the term "[i]llegal re-entry after deportation for an aggravated felony" intentionally in reference to § 1326 generally; there is no clerical error. Accordingly, we AFFIRM the judgment of the district court.