IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20613
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN RAUL MORENO, also known as Raul Moreno; also known as Juan Raul
Moreno de la Rosa; also known as Raul Juan Torres; also known as Arnulfo
Flores

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-71-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Raul Moreno pleaded guilty to one count of being unlawfully present
in the United States following a prior removal subsequent to an aggravated
felony conviction and without first having obtained consent to reapply for
admission, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to a
41-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Moreno appeals his conviction for the limited purpose of correcting the judgment under FED. R. CRIM. P. 36, arguing that the judgment should be corrected to reflect that he was convicted of being found in the United States illegally, and not of illegal reentry, the offense that is listed on the judgment. He argues that these are distinct offenses.

Rule 36 authorizes us to correct only clerical errors, which exist when "'the court intended one thing but by merely clerical mistake or oversight did another.'" See United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982)). In the district court's judgment, the "Nature of Offense" description, "[i]llegal re-entry after deportation for an aggravated felony," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. The district court's judgment uses the term "[i]llegal re-entry after deportation for an aggravated felony" intentionally in reference to § 1326 generally; there is no clerical error. Accordingly, we AFFIRM the judgment of the district court.