# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20849
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE SANCHEZ-CASTILLO, also known as Jose Castillo Sanchez, also known as Jose Sanchez Castillo, also known as Juan Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-423-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez-Castillo (Sanchez) pleaded guilty to one count of being "found in" the United States after having previously been deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326. He was sentenced to 96 months of imprisonment.

Sanchez appeals his conviction for the limited purpose of correcting the judgment under FED. R. CRIM. P. 36, arguing that the judgment should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corrected to reflect that he was convicted of "being found in" the United States and not of "illegal reentry," the offense that is listed on the judgment. He argues that "being found in" the United States and "illegal reentry" are distinct offenses.

Rule 36 authorizes us to correct only clerical errors, which exist when "'the court intended one thing but by merely clerical mistake or oversight did another.'" United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982)). In the district court's judgment, the "Nature of Offense" description, "[i]llegal reentry after deportation following a conviction for an aggravated felony," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Such a method of reference to § 1326 is not uncommon; in fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). Thus, it appears that the district court's judgment uses the term "illegal reentry" intentionally in reference to § 1326 generally, and such is not a clerical error. Accordingly, we AFFIRM.