# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-41097
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ROBERTO CERVANTES, also known as Roberto Cervantes, also known as Gilberto Espinosa

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-919-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Roberto Cervantes appeals from his guilty plea conviction of one count of illegal reentry, in violation of 8 U.S.C. § 1326. He requests only that this court exercise its power pursuant to FED. R. CRIM P. 36 to correct an alleged clerical error in the judgment. Specifically, he alleges that the judgment of the district court misidentifies the nature of his offense as "[r]e-entry of a deported alien" when it should state that he was illegally found in the United States.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 36 provides that the court may at any time, after giving whatever notice it deems appropriate, correct a clerical error in the judgment. The rule authorizes the court to correct only such errors that exist because "'the court intended one thing but by merely clerical mistake or oversight did another.'" See United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982). In the district court's judgment, the "Nature of Offense" description, "[r]e-entry of a deported alien," closely tracks the § 1326 title, "[r]eentry of removed aliens," and, therefore, bears no indication that the district court made a mistake. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326.

The method of reference to § 1326 in the instant case is not uncommon. This court has often used the term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). Because the district court's judgment in the instant case apparently used the term "[r]e-entry of a deported alien" intentionally in reference to § 1326 generally, there is no clerical error. Accordingly, we AFFIRM.