# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-41203
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MACRINO GARCIA-TREJO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-385-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Macrino Garcia-Trejo pleaded guilty to being "found in the United States" following a prior removal and without having obtained consent to reapply for admission, in violation of 8 U.S.C. § 1326. He was indicted for being found in the United States in violation of § 1326, and the judgment states, under the heading "Nature of Offense," that he was adjudicated guilty of "[i]llegal [r]e-[e]ntry." Garcia-Trejo asserts that the offense of illegal reentry is distinct from the offense of being found in the United States. He seeks a remand pursuant to FED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. CRIM. P. 36 for correction of the judgment to reflect the proper offense of conviction.

Rule 36 authorizes us to correct only clerical errors, which occur when "'the court intended one thing but by merely clerical mistake or oversight did another.'" United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982)). Section 1326 is entitled "[r]eentry of removed aliens" and provides, inter alia, that any alien who has been denied admission, excluded, deported, or removed, and who subsequently enters, attempts to enter, "or is at any time found in, the United States" without having obtained required consent or without showing that such consent is not required, is subject to certain criminal penalties. § 1326(a), (b).

The judgment's "Nature of Offense" description, "[i]llegal [r]e-[e]ntry," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. See § 1326. The district court's judgment uses the term "[r]e-[e]ntry" intentionally in reference to § 1326 generally; there is no clerical error. Accordingly, we AFFIRM the judgment of the district court.