# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-41265
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FELIX FERNANDO VARGAS-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-532-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Felix Fernando Vargas-Herrera (Vargas) appeals from his guilty plea conviction of one count of illegal reentry, in violation of 8 U.S.C. § 1326. He requests only that this court exercise its power pursuant to FED. R. CRIM. P. 36 to correct an alleged clerical error in the judgment. Specifically, he alleges that the judgment of the district court misidentifies the nature of his offense as "[r]e-entry of a deported alien" when it should state that he was illegally found in the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 36 authorizes this court to correct only clerical errors, which exist when "'the court intended one thing but by merely clerical mistake or oversight did another.'" United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982)). In the district court's judgment, the "Nature of Offense" description, "[r]e-entry of a deported alien," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326.

Such a method of reference to § 1326 is not uncommon. In fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). It appears that the district court's judgment uses the term "[r]e-entry of a deported alien" intentionally in reference to § 1326 generally; therefore, there is no clerical error. Accordingly, the judgment of the district court is AFFIRMED.