IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-40475
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MORIS MERCADO-PALACIOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-667-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Moris Mercado-Palacios (Mercado) pleaded guilty to one count of being unlawfully found in the United States after having previously been deported or removed, in violation of 8 U.S.C. § 1326. He was sentenced to 57 months in prison.

Mercado appeals his conviction for the limited purpose of correcting the judgment under FED. R. CRIM. P. 36, arguing that the judgment should reflect that he was convicted of "being found in" the United States and not of "[i]llegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[r]e-[e]ntry," as listed in the judgment. He argues that "being found in" the United States and "illegal reentry" are distinct offenses.

Rule 36 authorizes this court to correct only clerical errors, which exist when "'the court intended one thing but by merely clerical mistake or oversight did another.'" United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995) (quoting Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982)). In the district court's judgment, the "Nature of Offense" description, "[i]llegal [r]e-[e]ntry," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326.

Such a method of reference to § 1326 is not uncommon. In fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). It appears that the district court's judgment uses the term "[i]llegal [r]e-[e]ntry" intentionally in reference to § 1326 generally; therefore, there is no clerical error. Accordingly, the judgment of the district court is AFFIRMED.